IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RHODA MCHENRY,  )<br>  )<br>  Plaintiff, )<br>  )<br>vs.  )<br>  )<br>(1) COXCOM, LLC d/b/a COX )<br>COMMUNICATIONS TULSA, )<br>  )<br>  Defendant. ) | Case No. 16-CV-252-GKF-TLW |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant CoxCom, LLC d/b/a Cox Communications Tulsa hereby removes the above-captioned action from the District Court of Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. In support of removal, Defendant states as follow:

## INTRODUCTION

1. This case involves three causes of action arising out of the employment of Plaintiff Rhoda McHenry by Defendant CoxCom, LLC d/b/a Cox Communications Tulsa: (1) discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) discrimination on the basis of race in violation of 42 U.S.C. § 1981; and (3) intentional infliction of emotional distress. Therefore, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

2. Moreover, Plaintiff is a citizen of the State of Oklahoma, and Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. As such, there is complete diversity between Plaintiff and Defendant. In

addition, the amount in controversy exceeds the sum or value of $75,000. Therefore, this Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

3. On or about April 8, 2016, Plaintiff, an individual, filed this case in the District Court in and for Tulsa County, State of Oklahoma, Case No. CJ-2016-01374. Pursuant to LCvR81.2, a true and correct copy of the Petition filed in the Tulsa County District Court, together with a copy of the docket sheet, are attached hereto as Exhibits "1" and "2."

4. The Northern District of Oklahoma includes the state judicial district in which Plaintiff filed her Petition.

5. Plaintiff is a citizen of the State of Oklahoma. *See* 28 U.S.C. § 1332(a). Defendant is a citizen of the States of Delaware and Georgia inasmuch as it is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. *See* 28 U.S.C. § 1332(c)(1). Accordingly, the parties are completely diverse.

6. Plaintiff's first two causes of action allege violations of federal law: Title VII and 42 U.S.C. § 1981. (*See* Exh. 1, Petition, filed April 8, 2016, pp. 4-5.)

7. Plaintiff's third claim alleges intentional infliction of emotional distress under Oklahoma common law. (*See* Exh. 1, Petition, filed April 8, 2016, pp. 5-6.)

8. Plaintiff's Petition seeks various forms of relief as follows:

actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees [*sic*], injunctive relief, equitable relief, reinstatement, and all other relief deemed appropriate by this Court.

(*See* Exh. 1, Petition, filed April 8, 2016, p. 6.)

9. Accordingly, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

10. Therefore, Defendant files this Notice of Removal.

**I.   This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1331.**

11. Plaintiff asserts claims for relief under laws of the United States; *to wit*, Title VII and 42 U.S.C. § 1981. (*See* Exh. 1, Petition, filed April 8, 2016, pp. 4-5.)

12. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

**II.   This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1332.**

13. Plaintiff asserts a claim for relief under the laws of Oklahoma; *to wit*, intentional infliction of emotional distress. (*See* Exh. 1, Petition, filed April 8, 2016, p. 5-6.)

14. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  *See* 28 U.S.C. § 1332(a)(1).

15. Plaintiff is a citizen of the State of Oklahoma. *See* 28 U.S.C. § 1332(a). Defendant is a citizen of the States of Delaware and Georgia inasmuch as it is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. *See* 28 U.S.C. § 1332(c)(1).  Therefore, the matter in controversy "is between citizens of different states." *See* 28 U.S.C. § 1332(a)(1).

16. In addition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); LCvR81.3(a)(1). The Petition, on its face, reveals that Plaintiff seeks "actual damages in excess of Seventy-Five Thousand Dollars ($75,000)." (*See* Exh. 1, Petition, filed April 8, 2016, p. 6.)

17. Therefore, this Court has subject matter jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. 1332(a)(1).

### III. Defendant Has Satisfied The Procedural Requirements for Removal.

18. Defendant files this Notice of Removal within thirty (30) days after receipt through service of a copy of the Summons and Petition setting forth the claims for relief upon which Plaintiff's action is based, and the time for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(b) has not yet expired.

19. Defendant will this day serve written notice to Plaintiff of the filing of the Notice of Removal with this Court, as provided by 28 U.S.C. § 1446(d).

20. Defendant likewise will this day file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma, as provided by 28 U.S.C. § 1446(d).

### CONCLUSION

Therefore, this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1332, and removal is appropriate.

Respectfully submitted,

*/s/ Rachel B. Crawford*
William W. O'Connor, OBA No. 13200
Rachel B. Crawford, OBA No. 20662
Kevin P. Simpson, OBA No. 32120
NEWTON, O'CONNOR, TURNER & KETCHUM, PC
15 West Sixth Street, Suite 2700
Tulsa, OK  74119
(918) 587-0101 – Telephone
(918) 587-0102 – Facsimile
boconnor@newtonoconnor.com
rcrawford@newtonoconnor.com
ksimpson@newtonoconnor.com

**ATTORNEYS FOR DEFENDANT,
COXCOM, LLC
d/b/a COX COMMUNICATIONS TULSA**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Daniel E. Smolen, OBA No.19943
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 South Cincinnati Avenue
Tulsa, OK  74119
E-mail: danielsmolen@ssrok.com

**ATTORNEY FOR PLAINTIFF**

                                          */s/ Rachel B. Crawford*
                                          Rachel B. Crawford