DISTRICT COURT
FILED
APR - 8 2016
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| RHODA MCHENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. DAMAN CANTRELL |
| vs. | ) |
| | ) **CJ-2016-01374** |
| COXCOM, LLC d/b/a COX | ) |
| COMMUNICATIONS TULSA, | ) |
| | ) ATTORNEY LIEN CLAIMED |
| Defendant. | ) |
| | ) |

## PETITION

COMES NOW Plaintiff, Rhoda McHenry, through her attorneys of record, Daniel E. Smolen and Lauren G. Lambright of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against Defendant, CoxCom, LLC d/b/a Cox Communications Tulsa, for violations of her constitutionally protected rights arising out of her employment and termination by said Defendant.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, Oklahoma.

2. Defendant is a corporation regularly doing business in Tulsa County, Oklahoma and employs more than fifteen employees.

3. The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa County.

4. This Court has jurisdiction and venue is proper in Tulsa County.

5. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981(b).

1

EXHIBIT 1

6. Punitive damages are sought pursuant to 42 U.S.C. § 1981.

7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff is an African-American female.

9. Plaintiff was hired by Defendant's predecessor in June 1999 as a customer service representative.

10. At the time of her termination in June 2015, Plaintiff worked as as a Senior Solutions Representative (SSR) at the Cox office located at 9932 Riverside Parkway, Tulsa, OK 74137.

11. Her supervisor at the time was Patrick Blair, who is Caucasian.

12. Other than one other African American employee who was also terminated, Plaintiff believes she was the only African American (SSR) working in her area.

13. The Plaintiff was consistently a top performer in her group and had very little discipline throughout her employment.

14. The Plaintiff attempted to promote to management positions within the company a number of times during her employment. As background evidence of the continued denial of promotional opportunities, the first time the Plaintiff applied to promote to a managerial role was in 2009. There were four other applicants, all Caucasian, who were given face to face interviews. The Plaintiff was not even interviewed and was told she would not be considered because she did not have a Bachelor's degree. Taking Defendant's reason in stride, the Plaintiff worked harder and pursued her Bachelor's degree for a chance of promotion later in employment.

15. It was not until the Plaintiff had an African American supervisor, Phyllis Collier, that she was promoted to the SSR position. However, when Ms. Collier was terminated, the Plaintiff asked to be considered and applied for the position. In fact, the Plaintiff was assigned to be the interim manager for two months and was successful in her role during this time period.

16. The Plaintiff participated in the phone interviews conducted for the manager position with four other Caucasian applicants. When it came time for face-to-face interviews, the Plaintiff was not selected. The position was awarded to a Caucasian male, Patrick Blair, who had less experience than Plaintiff, less tenure with the company than the Plaintiff and less qualifications for the position.

17. The Plaintiff complained about the Defendant's failure to promote her to Human Resources, Chris Wells and Shohreh Aftahi stating that she felt she was being discriminated against because of her race by being passed over for promotions. The response Plaintiff received was simply that they did not believe she was being treated differently based upon race, with no investigation and no other explanation for why she was passed over for the manager position.

18. The Plaintiff also believes she was treated disparately compared to Caucasian employees who, worked as SSRs and had all been promoted to the SSOS position in the other Cox locations in Tulsa. As an SSR, the Plaintiff was held to a higher standard with respect to quotas and job responsibilities and was paid less than the SSOS position paid. The SSOS representatives did not have sales quotas like the Plaintiff, earned $2.00 more per hour and received commissions based upon store sales. The new Market Manager, Sham Odem, promised the Plaintiff he would place her into the SSOS position on June

15, 2015. When June 15th approached, Mr. Odem informed the Plaintiff that her sales quotas were low and he would have to reconsider. The Plaintiff voiced her complaint that this was disparate treatment and she was being treated unfairly with respect to promotions.

19. Just two days later, the Plaintiff was terminated for allegedly leaving the safe open in the employee break room, despite having no previous write-ups for this oversight. Additionally, the Plaintiff had simply gone to ask the employees if they needed change from the safe before the store opened and gotten sidetracked with another issue before she was able to close the safe. The short oversight was without consequence, as no money was missing from the safe and it was locked without incident.

20. On June 17, 2015, the Plaintiff's employment was terminated for misconduct for the safe incident with no progressive discipline whatsoever. This was a violation of Cox disciplinary policy. Further, the Plaintiff is aware of a Caucasian employee, Patrick Blair, who left the safe open for over eight hours and was not terminated. Mr. Blair was subject to the same policies as the Plaintiff. The Plaintiff believes the Defendant does not want African American employees working in their retail stores as evidenced by Plaintiff's wrongful termination and disparate treatment. A Caucasian was placed in the Plaintiff's position after she was discharged.

21. Plaintiff filed a Charge of Discrimination with the EEOC because she was being discriminated against in promotions based on her race and terminated from employment based upon her race.

### FIRST CLAIM FOR RELIEF
### DISCRIMINATION BASED ON RACE (TITLE VII)

22. Plaintiff incorporates the preceding paragraphs as if realleged.

23. By terminating Plaintiff, failing to promote her, and treating her differently than similarly situated Caucasian employees, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement
   b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
   c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
   d. Her attorney fees and the costs and expenses of this action;
   e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981

24. Plaintiff incorporates the preceding paragraphs as if realleged.

25. By terminating Plaintiff, failing to promote her, and treating her differently than similarly situated Caucasian employees, Defendant has violated 42 U.S.C. § 1981.

WHERFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement
   b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
   c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
   d. Her attorney fees and the costs and expenses of this action;
   e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff incorporates the preceding paragraphs as if realleged.

27. Defendant's actions of intentional and malicious discrimination and retaliation are extreme and outrageous and have caused severe emotional and psychological damage to Plaintiff.

28. Defendant intentionally or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
    d. Her attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, equitable relief, reinstatement, and all other relief deemed appropriate by this Court.

...

Respectfully submitted,

*/s/ Daniel E. Smolen*
Daniel E. Smolen, OBA# 19943
Smolen, Smolen, & Roytman, P.L.L.C.
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*